Babcock/J.
The sufficiency of the indictment is attacked by the defendants by motions to quash and by demurrers. It charges that *178 the defendants unlawfully, wrongfully, knowingly and maliciously, did falsely accuse one George Lang of immoral conduct, t.o-wit, that of fondling, kissing, caressing and driving about the country alone in the night time, and substantially all of the night, with one Eva Entsminger; he, the said George Lang, well knowingly that she, the said Eva Entsminger, was the wife of one Arthur Entsminger, thereby calculating and intending to degrade and disgrace the said George Lairg, by then and there willfully and knowingly sending and delivering to said George Lang a certain written petition, with the intent then and thereby, and by means of said false and unlawful accusation, and with menaces, unlawfully, willfully and knowingly to extort certain money from said George Lang, the property of the said George La.ng, contrary to the form of the statute, etc.
Section 6830, Revised Statutes, defines the offense of blackmailing, and includes within its provisions several classes of offenses. By its terms it is made criminal—
1. To demand verbally or by letter, or writing, or written or printed communication sent or delivered, with menaces, any chattel, money or valuable security; or
2. To accuse or knowingly send or deliver any letter, etc., accusing or threatening to accuse any person of a crime punishable by law, with intent to extort or gain from such person any chattel, etc.; or
3. To accuse, or knowingly send or deliver any letter, etc., accusing or threatening to accuse any person of immoral conduct which, if true, would tend (1) to degrade and disgrace such person, (2) or to expose or publish his infirmities or failings, (3) or in any way to subject him to the ridicule or contempt of society, with intent to extort or gain from such person any chattel, etc.
The offense sought to be charged in this indictment is that of knowingly sending a written communication to George Lang, accusing or threatening to accuse him of immoral conduct which, if true, would tend to degrade and disgrace him, with intent to extort or gain from him, etc.
(a) It is necessary to charge the defendants with knowingly sending or delivering a letter or writing, accusing said Lang of *179 immoral conduct. The indictment charges that the defendants knowingly accused Lang of immoral conduct by then and there sending and delivering to him a certain written petition containing the alleged accusation.
(b) It is necessary to charge that the accusation was of something which amounted to immoral conduct. The indictment does not allege that the thing of which Lang was accused is immoral conduct, but leaves this to be inferred from the facts charged.
(c) The statute provides that the accusation must be such as, if true, would tend to degrade and disgrace. The indictment alleges that the defendants did certain things ‘1 thereby calculating and intending to degrade and disgrace.” There is no direct allegation that this accusation would tend to degrade and disgrace.
(d) The accusation named in the statute must be such as tends to degrade and disgrace, or to expose or publish infirmities or failings, or to subject one to the ridicule or contempt of society.
It is contended that the inference of immoral conduct can not be drawn from the words charged, even though the allegation charging it to be immoral conduct may properly be omitted from the indictment. The claim is, that the alleged accusation charged nothing which, if trae, would tend to degrade and disgrace Lang, if his relationship to Mrs. Entsminger was such as to justify such familiarity; and, on the subject of the relationship, the indictment is silent. It is contended that, for aught appears in the indictment, the two may have sustained the relation of father and daughter, or, betrothed lovers; in either of which situations the accusation would not tend to degrade or disgrace. The claim that they may have sustained such relation, for aught appearing in the indictment, is predcated on the proposition that the recital of “Lang’s well knowing that she, the said Eva Entsminger, was the wife of one Arthur Entsminger,” is not an allegation that she was, in fact, his wife.
On the other hand, it is claimed that the petition, charging alienation of affections, is copied into the indictment, is part *180 of it and shows the true relation between them; also, that the recital of knowledge of this fact is a sufficient allegation of the fact; and, finally, that these are matters of evidence to be shown. in defense, if they exist at all, and need not be negatived in the indictment.
It is a rule of pleading that operative facts must be directly alleged, while those upon which they operate, as well as those by way of-inducement, may be charged indirectly and by way of recital. In an early case, Dominus Rex v. Dominam Lawley, reported in 2d Stra., 904, the Court, of Kings Bench held: Sciens in an indictment is a good averment.
“She moved in arrest of judgment after conviction on an information for attempting to persuade a witness not to appear and give evidence against Japhet Crooke for forgery. And the exception taken was that it was not positively averred that Crooke was indicted; it was only laid, that she, sciens that Crooke had been indicted and was to be tried, did so and so; whereas in all criminal cases the fact must be positively alleged, and not by inference.
“But the court upon consideration held it was well enough; and that there is no real difference between indictments and actions, where the gist of the action must be positively averred. Dans plagam mortalem; tvarranlizando vendidii; receiving stolen goods knowing them to be stolen; are all as loose. So is the case of keeping a dog knowing him to be accustomed to bite sheep. And there is no inconvenience; because, if there was no such indictment proved at the trial, the defendant must have been acquitted (Vide 1 Sid., 183, 337; 2 Sid., 127; Salk., 686; 2 Lev., 208; 5 Co., 120; 2 Roll. Abr., 82, pl. 4, 9, 12; Dy., 69a). Appendix at the end of the State Trials, 50, where it is laid .that the defendant salis sciens Sir Thomas Armstrong to have conspired the death of the King, and to have fled for the same, the defendant nevertheless traiterously remitted mon'ey to him for his support. Judicium pro Rege, and the defendant was fined three hundred marks, and to suffer one month’s imprisonment.”
The doctrine is, that an averment which is incidental, as being introductory or collateral, or'an inducement to something else, need not be set down in the indictment either so much in detail or with such directness as those parts are required to *181 be which constitute the gist of the offense. 1 Bishop’s New Criminal Procedure, Section 554; 1 Chit. Crim. Law, 231.
“Under 4 and 5 Phil. & M., Chap. 8, which made it punishable for one “above the age of fourteen” to steal an heiress, the age, which was one of the two pillars of the offense, was held to be sufficiently set out by charging that the defendant “being above the age of'fourteen years” did the act.” Rex v. Moor, 2 Mod., 128.
The customary manner of charging in the indictment the receiving of stolen property, illustrates the rule. The approved forms universally, charge the receiving by direct allegation; but the fact of the property having been stolen is set forth by recital.
Applying this rule, the indictment must charge directly that the defendants knowingly sent the accusation. I am of opinion this is charged by an allegation that they knowingly accused by knowingly sending, etc., although it is done in an involved and inartifical manner. The recital of Lang’s well knowing that Eva was the wife of Arthur Entsminger is in line with established precedents and a sufficient, though loose, allegation, that she was his wife.
There is no finding that the accusation against Lang was a charge of immoral conduct nor that it was such immoral conduct as tends to degrade and disgrace. Do these omissions invalidate the indictment f They are only conclusions to be drawn from the accusation, and require no proof beyond that of the accusations themselves. The court will determine from the things charged, whether they import immoral conduct, and whether they tend to degrade and disgrace, if true. They^are conclusions to be drawn from the facts and do not enlarge the issue of fact to be established by the testimony.
“It is an established rule of pleading that facts and not conclusions of law should be pleaded.” Whiting v. State, 48 O. S., 220.
Minshall, J.,
in the opinion, page 233, says:
“The object of all pleading is to advise the opposite party of the nature and character of the claim or charge made agáinst *182 him so that he may come prepared to meet it with evidence. In the application of this principle, it has become a settled rule both in civil and criminal proceedings, that facts and not mere conclusions from them should be stated. * * *
Where the facts have been averred the law attaches the proper legal conclusions; and their averment in the indictment adds nothing to its substance as a pleading. ’ ’
It is a mark -of good pleading to avoid doubtful questions by a careful following of the terms of a statute defining the crime. Yet I am of opinion that the absence of these allegations does not invalidate this indictment.
It is claimed that we may read the allegations of the petition, which is set forth in full in the indictment, and thereby learn Lang’s true relation to Mrs. Entsminger, and, consequently, the true nature of the immoral conduct alleged, as well as its tendency to degrade and disgrace. This petition is an ordinary one, charging alienation of affections, and the defendants are charged with having sent it' to Lang with intent to extort money instead of filing it in court. If we may treat the allegations of this petition as allegations of the indictment, then Lang is charged with practicing" the arts of the seducer; but it is clear that the grand jury does not find the declarations of this petition to be true, but that the defendants knowingly sent it to Lang with intent to extort money. The instant we make the declarations of this petition findings of the grand jury and allegations of the indictment, wé have discredited the criminal charge, for it is not criminal to make a demand in good faith for compensation for a wrong sustained. The finding in the indictment is, that the so-called petition was sent by the defendants to Lang; not that anything charged therein was true. The indictment can not be helped out in this way.
This brings us to the last claim of defendants. It is that the accusation as set forth did not charge Lang with immoral conduct tending to degrade and disgrace him (1) because it does not show that he sustained such' relations to Mrs. Entsminger as made his alleged conduct improper; and, (2) because such conduct, if true, can not be so interpreted regardless of the relationship. The whole charge in the indictment is, that Eva was *183 the wife of Arthur Entsminger; that Lang knew this fact; that he fondled, kissed and caressed her, and drove about the country-alone. in the night time with her. I am clearly of opinion that if he were her father this charge, if true, would not constitute immoral conduct tending to degrade and disgrace him. On the subject of the relationship of the parties, the indictment is silent. What is the legal inference? In Fouts v. State, 8 O. S., 114, Bartley, C. J., says:
“It is laid down by Archbold, in his work on Criminal Pleading (1 Vol., 85, Watterman’s ed.), as a general rule of criminal jurisprudence, with respect to the averments of an indictment descriptive of the offense, ‘that all the material facts and circumstances comprised in the definition of the offense, whether by a rule of the common law or by a statute, must be stated; if any one material fact or circumstance be omitted, the indictment will be bad.’ Another standard author lays it down as a general rule, in regard to indictments, that the special manner of the whole fact ought to be set forth with such certainty, and so specifically, that it may judicially appear to the court what judgment is to be pronounced in case of a conviction; that the accused may clearly and distinctly know the charge he is called upon to answer; that the record may with certainty furnish a bar to the defendant against a second prosecution for the same offense; and that posterity 'may know what law is to be derived from the record (1 Chit. Cr. Law, 227; 2 Hale, 183, 184). It is an invariable rule that an indictment must charge the crime with certainty and precision, and must contain a complete description of such facts and circumstances as will constitute the crime; and if any one fact or circumstance which is a material ingredient in the offense, as defined by the statute, be omitted,, the indictment will be bad.”
“If all the facts alleged in an indictment may be true and yet constitute no offense, the indictment is insufficient. . And a verdict does nothing more than to verify the facts charged.” State v. Godfrey, 24 Me., 232.
Bishop, commenting on this ease, says:
“To render this expression correct, it must be interpreted to mean that the indictment is inadequate when all the facts charged in it, if true, do not complete the sum of a prima facie crime. ’ ’
Miehaél W. Hunt, Prosecuting Attorney, for the state.
Ulery, Martin & Webster, for defendants.
Of course matters of defense need not be negatived. The rule is, that where there is an exception in the enacting clause, the indictment must negative the exception. But, if there be a proviso which furnishes matter of excuse to the party it need not be negatived. The rule is thus stated in Hirn v. State, 1 O. S., 15:
“A negative averment to the matter of an exception or proviso in a statute is not requisite in an indictment, unless the matter of such exception or proviso enter into and become a part of the description of the offense, or a qualification of the language defining or creating it.”
There are no exceptions or provisos in this statute. There is no room for the application of this principle to this case, but it is adverted to by reason of the insistence of counsel for the state. The relationship of the parties and the circumstances surrounding them and the things of which they were accused, are matters of description, if material, and must be set forth in the indictment. There is no rule by which they become matters of deEense to be pleaded by the accused. For aught appearing in the indictment, Mrs. Entsminger and Mr. Lang may have sustained such ties of relationship as made the alleged conduct, if true, entirely innocent and proper.
It therefore follows that the manner in which the accusation is set forth is insufficient to charge immoral conduct tending to degrade and disgrace. The motions to quash are sustained, and the defendants are- discharged.